# 18-3278-cv(L),
## 18-3322-cv(CON), 18-3325-cv(CON), 18-3326-cv(CON), 18-3327-cv(CON), 18-3328-cv(CON), 18-3330-cv(CON)

# United States Court of Appeals
### *for the*
# Second Circuit

———

WILLIAM ALBERT HAYNES, III, JOSEPH M. LAURINAITIS, AKA Road Warrior Animal, RUSS MCCULLOUGH, individually and on behalf of all others similarly situated, AKA Big Russ McCullough, RYAN SAKODA, individually and on behalf of all others similarly situated, MATTHEW ROBERT WIESE, individually and on behalf of all others similarly situated, AKA Luther Reigns, EVAN SINGLETON, VITO LOGRASSO, CASSANDRA FRAZIER, Individually and as next of kin to her deceased husband, NELSON LEE FRAZIER, JR. a/k/a Mabel a/k/a Viscera a/k/a Big Daddy V a/k/a King Mabel

———

*(For Continuation of Caption See Inside Cover)*

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

———

**PETITION FOR PANEL REHEARING AND REHEARING *EN BANC***

———

KONSTANTINE W. KYROS
ANTHONY M. NORRIS
KYROS LAW P.C.
*Attorneys for Plaintiffs-Appellants,*
  *Appellant Kyros Law P.C. and Pro se*
  *Appellant Konstantine W. Kyros*
17 Miles Road
Hingham, Massachusetts 02043
(800) 934-2921

*(For Continuation of Appearances See Inside Cover)*

and as personal representative of The Estate of NELSON LEE FRAZIER, JR.,
Deceased, SHIRLEY FELLOWS, on behalf of Estate of TIMOTHY ALAN
SMITH a/k/a Rex King, PAUL ORNDORFF, AKA Mr. Wonderful, CHRIS
PALLIES, AKA King Kong Bundy, ANTHONY NORRIS, AKA Ahmed
Johnson, JAMES HARRIS, AKA Kamala, KEN PATERA, BARBARA MARIE
LEYDIG, BERNARD KNIGHTON, as Personal Representative of Estate of
BRIAN KNIGHTON, a.k.a. Axl Rotten, MARTY JANNETTY, TERRY
SZOPINSKI, AKA Warlord, SIONE HAVIA VAILAHI, AKA Barbarian,
TERRY BRUNK, AKA Sabu, BARRY DARSOW, AKA Smash, BILL EADIE,
AKA Ax, JOHN NORD, JONATHAN HUGGER, AKA Johnny the Bull, JAMES
BRUNZELL, SUSAN GREEN, ANGELO MOSCA, AKA King Kong Mosca,
JAMES MANLEY, AKA Jim Powers, MICHAEL ENOS, AKA Mike, AKA
Blake Beverly, BRUCE REED, AKA Butch, SYLAIN GRENIER, OMAR
MIJARES, AKA Omar Atlas, DON LEO HEATON, AKA Don Leo Jonathan,
TROY MARTIN, AKA Shane Douglas, MARC COPANI, AKA Muhammad
Hassan, MARK CANTERBURY, AKA Henry Godwin, VICTORIA OTIS, AKA
Princess Victoria, JUDY HARDEE, JUDY MARTIN, TIMOTHY SMITH, AKA
Rex King, TRACY SMOTHERS, AKA Freddie Joe Floyd, MICHAEL R.
HALAC, AKA Mantaur, RICK JONES, AKA Black Bart, KEN JOHNSON,
AKA Slick, GEORGE GRAY, AKA One Man Gang, FERRIN JESSE BARR,
AKA J.J. Funk, ROD PRICE, DONALD DRIGGERS, RODNEY BEGNAUD
AKA Rodney Mack, RONALD SCOTT HEARD, on behalf of Estate of
RONALD HEARD also known as Outlaw Ron Bass, BORIS ZHUKOV, DAVID
SILVA, JOHN JETER, AKA Johnny Jeter, GAYLE SCHECTER, as Personal
Representative of Estate JON RECHNER a.k.a. Balls Mahoney, ASHLEY
MASSARO, AKA Ashley, CHARLES WICKS, AKA Chad Wicks, PERRY
SATULLO, AKA Perry Saturn, CHARLES BERNARD SCAGGS, AKA Flash
Funk, CAROLE M. SNUKA, on behalf of Estate of JAMES W. SNUKA,

*Consolidated Plaintiffs-Appellants,*

KYROS LAW P.C., KONSTANTINE W. KYROS,

*Appellants*,

JIMMY SNUKA, "Superfly," by and through his guardian, CAROLE SNUKA,
SALVADOR GUERRERO, IV, AKA Chavo Guerrero, Jr., CHAVO
GUERRERO, SR., AKA Chavo Classic, BRYAN EMMETT CLARK, JR.,
AKA Adam Bomb, DAVE HEBNER, EARL HEBNER, CARLENE B. MOORE-
BEGNAUD, AKA Jazz, MARK JINDRAK, JON HEIDENREICH, LARRY
OLIVER, AKA Crippler, BOBBI BILLARD, LOU MARCONI, BERNARD
KNIGHTON, KELLI FUJIWARA SLOAN, on behalf of
Estate of HARRY MASAYOSHI FUJIWARA,

*Consolidated-Plaintiffs,*

– v. –

WORLD WRESTLING ENTERTAINMENT, INCORPORATED,

*Consolidated Plaintiff-Defendant-Appellee,*

VINCENT K. MCMAHON, Individually and as The Trustee of the Vincent K. McMahon Irrevocable Trust U/T/A dtd. June 24, 2004, as the Trustee of the Vincent K. McMahon 2008, and as Special Trustee of the Vincent K. McMahon 2013 Irrev. Trust U/A dtd. December 5, 2013 and as Trust,

*Consolidated Defendant-Appellee,*

ROBERT WINDHAM, THOMAS BILLINGTON, JAMES WARE, OREAL PERRAS, JOHN DOE'S, VARIOUS,

*Consolidated-Defendants.*

---

ERICA C. MIRABELLA
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
(617) 580-8270

*Attorneys for Consolidated Plaintiffs-Appellants William Albert Haynes, III, Russ McCullough, Ryan Sakoda, Matthew Robert Weise, Evan Singleton, Cassandra Frazier, Joseph M. Laurinaitis, Paul Orndorff, James Harris, Chris Pallies and Ken Patera, et al.*

R. CHRISTOPER GILREATH
GILREATH & ASSOCIATES
One Memphis Place
200 Jefferson Avenue, Suite 711
Memphis, Tennessee 38103
(901) 410-9428

*Attorneys for Consolidated Plaintiffs-Appellants Cassandra Frazier, Joseph M. Laurinaitis, Anthony Norris, James Harris, Chris Pallies and Ken Patera, et al.*

S. JAMES BOUMIL
BOUMIL LAW OFFICES
120 Fairmount Street
Lowell, Massachusetts 01852
(978) 458-0507

*Attorneys for Consolidated Plaintiffs-Appellants Joseph M. Laurinaitis, Paul Orndorff, Anthony Norris, James Harris, Chris Pallies and Ken Patera, et al.*

BRENDEN P. LEYDON
WOCL LEYDON, LLC
80 Fourth Street
Stamford, Connecticut 06905
(203) 333-3339

*Attorneys for Consolidated Plaintiffs-Appellants Joseph M. Laurinaitis, Paul Orndorff, Anthony Norris, James Harris, Chris Pallies and Ken Patera, et al.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

RULE 35(B) STATEMENT .................................................................1

BACKGROUND ...............................................................................3

REASONS FOR GRANTING REHEARING OR REHEARING
    *EN BANC* .................................................................................5

   I.    The Panel order conflicts with *Bell Atl., Corp. v. Twombly,
       Ashcroft v. Iqbal, Albright v. Oliver, decisions of this Court,
       Palin v. New York Times No 17-3801 CV 2d Cir. Aug 6, 2019* as
       well as the bedrock principles of notice pleading under 12(b)6 by
       dismissing CTE claims for latent occupational injuries at the
       motion to dismiss stage. This order also conflicts with other
       important Circuit Court rulings and class settlements that found
       similar allegations complied with 12(b) in claims against the
       WWE, NFL, NHL and NCAA ...................................................5

   II.   The Panel order departs from the final judgment rule and relies
       instead on an unstated new rule on timing and notice that now
       eliminates the right to appeal under *Hall v. Hall* 138 S. Ct. 1118
       (2018). The order conflicts with 28 U.S.C. § 1291, the Federal
       Rules of Civil Procedure specifically Rule 42a and Rule
       58(c)(2)(B), and conflicts with the explicit written Rules for
       taking a right of Appeal both in the District Court and an earlier
       Second Circuit Mandate in this case ......................................10

CONCLUSION ..............................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Albright v. Oliver*,
510 U.S. 266 (1994)..................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................5

*Bell Atl., Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................5

*Bowles v. Russell*,
551 U.S. 205 (2007)..............................................................4, 11

*Butler v. BRG Sports, LLC*,
141 N.E.3d 1104 (Ill. App. Ct. 2019) ........................................7

*Catlin v. United States*,
324 U.S. 229 (1945)................................................................10

*Diaz v. Kelly*,
515 F. 3d 149 (2d Cir. 2008) ..................................................13

*DuRocher v. Riddell, Inc.*,
97 F. Supp. 3d 1006 (S.D. Ind. 2015)........................................8

*Galella v. Onassis*,
487 F.2d 986 (2d Cir. 1973) ....................................................12

*Hageman v. City Investing Co.*,
851 F.2d 69 (2d Cir. 1988) .................................................10, 11

*Hall v. Hall*,
138 S. Ct. 1118 (2018)................................................4, 10, 12, 14

*Harrison v. Westinghouse Savannah River Co.*,
176 F.3d 776 (4th Cir. 1999) .................................................. 5-6

*In re Nat'l Hockey League Players' Concussion Injury Litigation*,
2015 WL 1334027 (D. Minn. Mar. 25, 2015) ............................8

*Langston v. Intercollegiate Athletic Ass'n*,
MDL No. 2492 (N.D. Ill. March 25, 2020) ................................9

*McCullough v. World Wrestling Entertainment, Inc.*,
    172 F. Supp. 3d 528 (D. Conn. 2016) ...............................................6, 8, 12, 14

*Mora v. United States*,
    323 F. App'x 18 (2d Cir. 2009) .....................................................................11

*Mylan Labs., Inc. v. Matkari*,
    7 F.3d 1130 (4th Cir. 1993) ...........................................................................6

*Nakamura v. BRG Sports, LLC*,
    2019 WL 5390032 (Ill. App. Ct. Oct. 21, 2019) ...........................................7

*Osterneck v. Ernst & Whinney*,
    489 U.S. 169 (1989)......................................................................................14

*Palin v. New York Times*,
    No. 17-3801 CV (2d Cir. Aug. 6, 2019).....................................................5, 6

*Ploetz v. National Collegiate Association*,
    DC-17-000676 ...............................................................................................7

*Robinson v. City of Harvey*,
    489 F.3d 864 (7th Cir. 2007) ...................................................................13, 14

*Schmitz v. Nat'l Collegiate Athletic Assn*,
    155 Ohio St. 3d 389 (2018) .........................................................................6, 7

*Stanford v. Potomac Elec. Power Co.*,
    2007 U.S. Dist. LEXIS 5685, 2007 WL 219991
    (U.S.D.C., Jan. 26, 2007)..............................................................................13

*Travelers Indemnity Co. v. Sarkisian*,
    794 F.2d 754 (2d Cir.), *cert. denied* 498 U.S. 829 (1990) ...........................13

*United States v. Muse*,
    633 F.2d 1041 (2d Cir. 1980) .......................................................................12

## Statutes & Other Authorities:

28 U.S.C. § 1291 .....................................................................................10, 11

Fed. R. Civ. P. 4(a)..........................................................................................12

Fed. R. Civ. P. 12(b) .........................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................5

Fed. R. Civ. P. 23 ................................................................3, 4

Fed. R. Civ. P. 42(a) ...........................................................3, 10

Fed. R. Civ. P. 54 ...................................................................13

Fed. R. Civ. P. 56 ................................................................1, 5

Fed. R. Civ. P. 58 .........................................................2, 13, 14

Fed. R. Civ. P. 58(c)(2)(B) ..........................................2, 10, 11

Fed. R. Civ. P. 59 ...................................................................13

Fed. R. Civ. P. 60(b)(6) ..........................................................13

Fed. R. App. P. 4 .....................................................................14

Fed. R. App. P. 4(a) ................................................................14

Fed. R. App. P. 35(b) ................................................................1

Moore's Federal Practice § 58.02 ..........................................10

RULE 35(B) STATEMENT

The dismissal of these cases should be vacated and remanded for hearing on the merits, a rehearing is warranted because the Panel order conflicts with decisions of the Supreme Court and this court on the standards to be used on a motion to dismiss. The dismissal of the Laurinaitis CTE cases on a single fact (a 2007 CTE study) invoked by the Court for the proposition that there is no evidence WWE knows that wrestling related concussions and head injuries cause CTE cannot be simply adopted by the Judge on a motion to dismiss. Likewise, the dismissal for failure to meet the requirements of Connecticut doctrines on tolling under special relationship and continuing course of conduct are fact driven for all of these wrestlers as to their tenure at WWE and beyond. As such the cases are not properly dismissed in the absence of discovery at the motion to dismiss stage using facts such as Judicially ordered affidavits without convening a Rule 56 hearing.

Sadly, this morning, September 23, 2020 the death of lead plaintiff, Joseph "Road Warrior Animal" Laurinaitis at the age of 60 was announced. His premature death demonstrates the exceptional importance of the long-term health and safety issues he raised in his claims against WWE. He was denied a day in court, given no Rule 56 hearing, and no discovery on his claims.

The dismissal of the class actions and other cases by the panel under Hall rewrites the requirements for determining the timing of an appeal under the Fed. R. Civ. P. 58, relies on a new unstated rule, and eliminates fundamental rights; namely, the right to appeal from a final order of the District Court and with respect to Haynes and McCullough eliminates their rights even after following a mandate from the Second Circuit. The decision speaks of "fatal inaction" without stating a rule of action. The class cases were subject to a September 27, 2016 mandate that guided them to Appeal on October 26, 2018, the date of final judgment from the District. Hall was decided on March 27, 2018. The Panels conclusion that some action could have been taken defies reason. Any such action or inaction by these wrestlers would seem to run up against Fed. R. Civ. P. 58 (c)(2)(B), in which termination of the appeal right would be subject to the passage of 150 days. The court, needs to rehear this jurisdictional issue and provide some clarity to the wrestlers and others as to what rights they waived, the manner of such waiver. The court should explain what action was needed and why, after following the rules of both the District of Connecticut and the mandate of this court, they are barred an appeal.

The order rewrites the standards for filing latent injury claims such as CTE which affect tens of thousands of athletes, workers and people who are injured and may not know it until years later. The Panel decision will affect not only all

professional wrestlers but people and workers in industries which seek to hide risks, ignore science and escape responsibility for their actions and inactions concealing dangerous working conditions and diseases that may result from them.

In sum, due to the critical nature of both the finality rule and the application of statutes of limitations in every Circuit, as well as the large number of potentially similar cases, these inter-circuit conflicts require *en banc* review or rehearing.

BACKGROUND

This case arises from Rule 23 claims made by professional wrestlers seeking help from WWE for the long-term effects of head injuries including a latent disease called chronic traumatic encephalopathy ("CTE"). Wrestlers William Albert Haynes AKA Billy Jack Haynes, and McCullough sought class wide relief in their cases which were dismissed March 21, 2016. They timely appealed to this Court which dismissed the appeals without prejudice on September 27, 2016 pending an entry of judgment cases consolidated under 42(a).

After being denied Rule 23 relief in Haynes and McCullough, more than 50 wrestlers filed the Laurinaitis action on July 19, 2016 following a successful ruling tolling the statute of limitations under Connecticut law in the Singleton/LoGrasso case. During the case six wrestlers died including well recognized athletes like Jimmy Snuka, these wrestlers' brains were studied and were diagnosed with CTE,

demonstrating a strong scientific basis for their claims; facts overlooked by the Panel in its order. The Laurinaitis cases were dismissed by Hon. Judge Vanessa Bryant in reliance of WWE's fact-based defense that there was no evidence WWE knew (or currently knows) that wrestling related concussions and head injuries cause CTE.  This was done without a hearing, without discovery and without converting the 60 wrestlers claims to a proceeding on summary judgment.

The wrestlers timely appealed all of these threadbare adverse rulings on October 26, 2018.

A Panel of this court affirmed the decision of the District Court in Laurinaitis and dismissed the remaining appeals of the two Rule 23 cases Haynes/McCullough, along with Singleton/Lograsso and Frazier cases, under *Hall v. Hall* 138 S. Ct. 1118 (2018) and *Bowles v. Russell*, 551 U.S. 205 (2007). They now ask for a rehearing.

REASONS FOR GRANTING REHEARING OR REHEARING
*EN BANC*

I.    The Panel order conflicts *Bell Atl., Corp. v. Twombly, Ashcroft v. Iqbal, Albright v. Oliver*, decisions of this Court such as *Palin v. New York Times* No 17-3801 CV 2d Cir. Aug 6, 2019 and the bedrock principles of notice pleading under 12(b)6 by dismissing CTE claims for latent occupational injuries at the motion to dismiss stage. This order also conflicts with other important Circuit Court rulings and class settlements that found similar allegations met 12b muster in claims against the WWE, NFL, NHL and NCAA.

The Laurinaitis case involves 60 wrestlers and their surviving families, who in 60 affidavits (which Judge Bryant ordered produced in 35 days- SPA-139), along with their lengthy amended complaint, allege in a mountain of evidence that WWE knew all along about the long-term risks of head injuries. The tolling doctrines relied upon in CTE latent disease claims are fact driven inquiries. The dismissal by the Court did not convert the case to a Rule 56 hearing- no hearing, discovery or additional review occurred. The Court actions rejects the judicial standard, that to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pled allegations in a complaint as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994). The court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176

F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

The District Court and the Panel did not apply this standard to the dismissal of the Laurinaitis wrestlers. This Court recently articulated the correct standard in *Palin v. New York Times* No 17-3801 CV 2d Cir. Aug 6, 2019. The District court in dismissing 60 claims did not follow the rules. The court used facts outside the pleadings (presumably the affidavits, see SPA-193) and wholesale adoptions of WWE's extreme interpretation of facts to decide the motion to dismiss. At no point did the Court convert the motion to dismiss into one for summary judgment which would have triggered a "reasonable opportunity to present all material that is pertinent to the motion." Palin at 9.

Additionally, the tort and wrongful death claims are not time-barred as a subject matter jurisdiction issue if CTE is viewed as a latent disease. Connecticut law recognizes this, and with irony, Judge Bryant's own ruling in the LoGrasso case, *McCullough v. World Wrestling Entertainment, Inc.*, 172 F. Supp. 3d 528, 547 (D. Conn. 2016) is cited by a case decided in favor of a NCAA player alleging CTE from his years at Notre Dame in the 1970s Schmitz v. Nat'l Collegiate Athletic Assn 155 Ohio St. 3d 389 (2018). The NCAA moved to dismiss on statute of limitations grounds, claiming that the plaintiff suffered the injuries that resulted in CTE during his college football career, which ended in 1978. *Id.* at 392. The Ohio Supreme Court

disagreed, holding that plaintiff's claims accrued only when doctors actually diagnosed him with CTE in December 2012. *Id.* at 392-93. Relying on the discovery rule, the court held that CTE was a latent injury which the plaintiff only discovered in 2012. *Id.* Two Illinois courts recently reached the same result. In the first, *Nakamura v. BRG Sports, LLC*, a state appellate court held that the plaintiff's knowledge of his concussion did not bar his claim under the statute of limitations. *Nakamura v. BRG Sports, LLC*, 2019 WL 5390032 (Ill. App. Ct. Oct. 21, 2019), at *5. The court noted that the plaintiff was seeking recourse for "repetitive concussive and subconcussive trauma experienced while playing football," as well as "redress for lifelong cognitive degeneration." *Id.* In the second case, *Butler v. BRG Sports, LLC*, another appellate court went even further, noting that many brain impacts that could later cause a neurodegenerative order may, in fact, be innocuous at the time and produce no symptoms. *Butler v. BRG Sports, LLC*, 141 N.E.3d 1104, 1111 (Ill. App. Ct. 2019). In a case that settled, *Ploetz v. National Collegiate Association* DC-17-00676, the Texas Appeals Court, approved discovery of documents related to head injuries going back to 1950 in a single CTE case, in contrast to the *Laurinaitis* dismissal appealed here, were no discovery was allowed at all.

As above, in 2016, the Connecticut District Court rejected the WWE's statute of limitations defense in a CTE case, holding that the plaintiffs' allegations of "concussions and head trauma during their tenure with the WWE" did not mean that

they knew about possible CTE or other similar disorders. *McCullough v. World Wrestling Entertainment, Inc.*, 172 F. Supp. 3d 528, 547 (D. Conn. 2016). Indeed, the court held that discrete symptoms such as concussions were "not the same 'condition' as a disease such as CTE or another degenerative neurological disorder." *Id.* In particular, the court noted that it was difficult to ascribe CTE to a specific event because plaintiffs' injuries resulted in "an increased risk of developing a condition." *Id.* at 548. This controlling Connecticut case opened the courthouse doors to numerous *Laurinaitis* wrestlers who had CTE and related conditions, but inexplicably, despite adducing greater factual support for their claims, the Court reversed direction, and simply agreed with the WWE's mischaracterizations of *all the facts* wrestlers asserted in their pleadings; including ignoring CTE studies of deceased wrestlers who died seeking relief.

Similarly, the District Court in Minnesota dismissed the National Hockey League (NHL)'s motion to dismiss claims from former players that suffered head injuries. In that case, the court noted that the plaintiffs alleged they did not know, and had no reason to know, that continuing to play hockey would cause an increased risk of neurodegenerative diseases. *In re Nat'l Hockey League Players' Concussion Injury Litigation*, 2015 WL 1334027 (D. Minn. Mar. 25, 2015), at *6-7.

In *DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006, 1030 (S.D. Ind. 2015), the federal court in the Southern District of Indiana rejected the defendants' argument

that "the concussions suffered by [p]laintiffs during college were the injuries that triggered the running of the statute of limitations."

The seventh circuit ruled in favor of an injured football player in *Langston v. Intercollegiate Athletic Assn* MDL no. 2492 (N.D. Ill. March 25, 2020) denying NCAA's motion to dismiss his CTE claim. Judge Lee in that MDL approved a $70 million medical monitoring settlement for college players impacted by the disease. In the Third Circuit, a nearly one-billion-dollar class settlement was approved by Judge Brody in 2:21-md-02323 *In Re: National Football League Players' Concussion Litigation* for tens of thousands of former NFL players with neurological diseases who played back to the 1950s.

In stark comparison, this Circuit has now held that it is the *Plaintiffs'* responsibility to discover their latent injury during their employment or within five years of retirement or be barred from pursuing their claims. Even more disturbing, wrongful death claims are barred even when the only way to discover the injury is post-mortem. *Id.* (ruling "The district court correctly determined that none of the plaintiffs in the *Laurinaitis* action had wrestled for WWE within five years of the filing of that complaint and thus the wrongful death claims were also time-barred. Again we find no error." Order p. 10).

Finally, WWE's factual assertions adopted wholesale by the District Court and the Panel, that the Benoit Study is definitive enough to trigger the statute of

limitations period in 2007, is error given that the WWE made on the record admissions that the Benoit Study is speculative and unpersuasive evidence A-1523. Further, since WWE denies knowledge that wrestling related concussions and head injuries cause CTE, the fact of the Benoit study supports the wrestlers claims, it does not immunize WWE from them. Numerous obvious facts on the face of the pleading contradict WWE denials.

II. The Panel order departs from the final judgment rule and relies instead on an unstated new rule that now eliminates the right to appeal under *Hall v. Hall* 138 S. Ct. 1118 (2018). The order conflicts with 28 U.S.C. § 1291, the Federal Rules of Civil Procedure specifically Rule 42a and Rule 58(c)(2)(B), and conflicts with the explicit written Rules for taking a right of Appeal both in the District Court and an earlier Second Circuit Mandate in this case.

The Panel has made this tribunal the decider of what constitutes a final judgment in the District of Connecticut, as such it departs from 28 U.S.C. § 1291 and precedent *Catlin v. United States*, 324 U.S. 229 (1945) reflecting principle that District courts make final judgment decisions. Moore's Federal Practice, judgment "occurs when the clerk makes the necessary notation of the judgment in the official court docket." Moore § 58.02. Under Rule 42(a) the District Court consolidated the actions. See *Hageman v. City Investing Co.* 851 F.2d 69 (2d Cir. 1988). When Haynes and McCullough were first dismissed, their cases were not separated, but remained consolidated until the Laurinaitis case was dismissed in September 2018. In theory, Hall could have given the wrestlers the right to take an immediate appeal

once the actions were dismissed by the District Court, but this event occurred long before Hall.

Fed. R. Civ. P. 58 (c)(2)(B) limits the taking of an appeal after 150 days from a final judgment, "If a separate judgment is not entered, it is deemed to have been entered 150 days after entry of the dispositive order." *Id.*, at 6, n.3, *quoting Mora v. United States*, 323 F. App'x 18, 19-20 (2d Cir. 2009). If final judgment is deemed date of the original dismissal which was March 21, 2016, Judgment must have entered August 18, 2016 and the deadline to file an appeal would have been September 19, 2016. Docket entry indicates dismissal of the appeals occurred on October 20, 2016. *See* 3:15-cv-01074, Dkt. No. 238. Therefore 150 days elapsed long before Hall had even been filed let alone decided, rendering its application to them incoherent, as the wrestlers could never have appealed under any scenario.

The Hall decision issued March 27, 2018 is not the date of "final decision" either under Fed. R. Civ. P. or 28 U.S.C. § 1291 and, although the Panel vaguely suggests some "work arounds" that were "waived" and stridently refers to missed opportunities to seek relief, "inaction was fatal." Order p. 8 the only case cited by the Panel for this absurd result, *Bowles v. Russell*, 551 U.S. 205 (2007) is inapplicable. Although Bowles reached an equally harsh result it is based on an entirely different legal and factual premise, namely, that a District Court's deficient extension of time (a mistake that gave 17 days instead of 14 to appeal) could not be

cured because the statutory rule (as opposed to a judicial one) on the timing to file an appeal was deemed jurisdictional. Here there is no factual record indicating any mistake by anyone. The wrestlers, filing an important case against an important company for an important reason, a soaring death rate borne of a disease process related to routine workplace head trauma *followed all of the Rules*.

To maintain uniformity, this Court must reconsider its decision that unfairly punishes the Plaintiffs by reversing its previous decision and preventing the *Haynes* and *McCullough* Plaintiffs from pursuing their appeals based on the subsequently decided *Hall* case. "When a clearly erroneous panel decision as here is rendered in the context of – or is coupled with – a substantial question of unusual importance, then we believe the case is ripe for en banc reconsideration". *dissent, Galella v. Onassis*, 487 F.2d 986, 1005 (2d. Cir., 1973); *United States v. Muse*, 633 F.2d 1041, 1042 (2d. Cir., 1980) (granting "a rehearing en banc because the issue presented, though arising infrequently, is important in the administration of criminal justice").

Haynes filed a class complaint in Oregon (the Panel inaccurately observed he had a forum selection clause- he in fact had a handshake with Vince McMahon)- and was transferred across the country to Connecticut. Once his claims were dismissed (improperly per wrestlers' brief at 61) he timely appealed under Fed. R. Civ. P. 4(a). He and the class were told to wait by a mandate of this court. They waited. They appealed again under Fed. R. Civ. P. 4(a) when given the green light by the mandate

and District court. The Panel in *sua sponte* applying Hall to reject these important cases could have instead looked to equitable tolling doctrines that remain in the wake of Bowles, see *Diaz V. Kelly* 515 F. 3d 149 (2d Cir. 2008) or distinguished Bowles from the wrestlers following a Mandate of the Second Circuit. Bowles had the virtue of at least being clear. The summary order makes it unclear what notice now needs to relied upon, accepting the premise of the Panel's order there is no clear entry of final judgment from which to appeal in the instant action.

The Panel order conflicts with the longstanding tradition that changes in binding decisional law are not "extraordinary circumstances" under Fed. R. Civ. P. 60(b)(6) permitting the reopening of a previously dismissed case. *See Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir.), "It is well settled that a change in decisional law is not grounds for relief from a final judgment."), <u>cert. denied</u>, 498 U.S. 829 (1990); *Stanford v. Potomac Elec. Power Co.*, 2007 U.S. Dist. LEXIS 5685, 2007 WL 219991, * (U.S.D.C., Jan. 26, 2007). "If a change in law after a judgment was rendered was grounds to vacate final judgment, final judgments would cease to exist." *Id.*

Plaintiffs simply had no recourse but to abide by this Court's decision consolidating all cases for purposes of appeal. *Robinson v. City of Harvey*, 489 F.3d 864, (7th Cir. 2007) (quoting "if … the drafters meant that a Rule 58/54/59 order itself would have the effect of reviving an already expired right to appeal, we surely

would have expected Rule 58 or FRAP 4(a) to state that effect with some clarity"). Nowhere does Rule 4 delimit the situation where the Court can, after dismissal, extend the opportunity to appeal.

Even if this Court's holding was deemed persuasive, there existed sufficient ambiguity as to Plaintiffs' *Haynes* and *McCullough's* status as active litigants that the Court should resolve "that ambiguity in the direction of permitting additional time to appeal". *Robinson v. City of Harvey*, 489 F.3d 864. The Court first considered that ambiguity when it held on October 20, 2016 that the cases consolidated "for all purposes" could not be appealed individually until all consolidated cases were disposed of (despite reasonable arguments made by the United States Supreme Court to the contrary).

The United States Supreme Court later recognized the confusion surrounding appeals in consolidated cases when it took up *Hall*. Unfortunately for *Haynes* and *McCullough*, this Court had ruled the other way and the Plaintiffs had to await final judgment on the last of the consolidated cases.

Even if this Court's arguments were deemed persuasive, the existence of substantial ambiguity must be read in the Plaintiffs' favor since the Plaintiffs "performed an act which, if properly done, would postpone the deadline for filing his appeal and … received *specific assurance* by a judicial officer that this act has been properly done". *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989).

CONCLUSION

The Panel decision stands in stark conflict with fundamental rules of pleading standards and undermines the rights of all those suffering from CTE, who may wish to pursue relief in the courts, it is an exceptionally important issue. The decision also unfairly reshapes the rules for filing an Appeal, creating uncertainty. This Court should grant Panel Rehearing or Rehearing En Banc.

Respectfully Submitted,
/s/ Konstantine Kyros

KONSTANTINE W. KYROS
KYROS LAW P.C.
Counsel for Plaintiffs-Appellants,
17 Miles Road
Hingham, Massachusetts 02043
(800) 934-2921

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Local Rule 32.1(a)(4) (A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 3520 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Times New Roman.

Dated: New York, New York
        September 23, 2020

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2020, I caused the foregoing petition for Panel Rehearing or Rehearing En Banc to be filed with the Clerk of the Court for the U.S. Court of Appeals for the Second Circuit via the Court's CM/ECF system. I further certify that service was accomplished on all parties via electronic filing or first class mail.

/s/ Konstantine Kyros

ORDER

18-3278-cv(L)
*Haynes, et al. v. World Wrestling Entertainment, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1   At a stated term of the United States Court of Appeals for the Second Circuit, held
2   at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York,
3   on the 9th day of September, two thousand twenty.
4
5   PRESENT:   BARRINGTON D. PARKER,
6              MICHAEL H. PARK,
7              WILLIAM J. NARDINI,
8                   *Circuit Judges.*
9
10  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11
12  *Haynes, et al. v. World Wrestling Entertainment, Inc.*
13
14  -------------------------------------
15
16  William Albert Haynes, III, Rodney Begnaud, AKA Rodney Mack, Russ
17  McCullough, individually and on behalf of all others similarly situated, AKA
18  Big Russ McCullough, Ryan Sakoda, individually and on behalf of all others
19  similarly situated, Matthew Robert Wiese, individually and on behalf of all
20  others similarly situated, AKA Luther Reigns, Evan Singleton, Vito Lograsso,
21  Cassandra Frazier, Individually and as next of kin to her deceased husband,
22  Nelson Lee Frazier, Jr. a/k/a Mabel a/k/a Viscera a/k/a Big Daddy V a/k/a King
23  Mabel and as personal representative of The Estate of Nelson Lee Frazier, Jr.,
24  Deceased, Shirley Fellows, on behalf of Estate of Timothy Alan Smith a/k/a Rex
25  King, Joseph M. Laurinaitis, AKA Road Warrior Animal, Paul Orndorff, AKA
26  Mr. Wonderful, Anthony Norris, AKA Ahmed Johnson, James Harris, AKA
27  Kamala, Chris Pallies, AKA King Kong Bundy, Ken Patera, Barbara Marie
28  Leydig, Terry Brunk, AKA Sabu, Barry Darsow, AKA Smash, Bill Eadie, AKA
29  Ax, John Nord, Jonathan Hugger, AKA Johnny the Bull, James Brunzell, Susan
30  Green, Angelo Mosca, AKA King Kong Mosca, James Manley, AKA Jim

1

```
1   Powers, Michael Enos, AKA Mike, AKA Blake Beverly, Bruce Reed, AKA
2   Butch, Sylain Grenier, Omar Mijares, AKA Omar Atlas, Don Leo Heaton, AKA
3   Don Leo Jonathan, Troy Martin, AKA Shane Douglas, Marc Copani, AKA
4   Muhammad Hassan, Mark Canterbury, AKA Henry Godwin, Victoria Otis,
5   AKA Princess Victoria, Judy Hardee, Judy Martin, Bernard Knighton, as
6   Personal Representative of Estate of Brian Knighton, a.k.a. Axl Rotten, Marty
7   Jannetty, Terry Szopinski, AKA Warlord, Sione Havia Vailahi, AKA Barbarian,
8   Timothy Smith, AKA Rex King, Tracy Smothers, AKA Freddie Joe Floyd,
9   Michael R. Halac, AKA Mantaur, Rick Jones, AKA Black Bart, Ken Johnson,
10  AKA Slick, George Gray, AKA One Man Gang, Ferrin Jesse Barr, AKA J.J.
11  Funk, Rod Price, Donald Driggers, Ronald Scott Heard, on behalf of estate of
12  Ronald Heard also known as Outlaw Ron Bass, Boris Zhukov, David Silva,
13  John Jeter, AKA Johnny Jeter, Gayle Schecter, as Personal Representative of
14  Estate Jon Rechner a.k.a. Balls Mahoney, Ashley Massaro, AKA Ashley,
15  Charles Wicks, AKA Chad Wicks, Perry Satullo, AKA Perry Saturn, Charles
16  Bernard Scaggs, AKA Flash Funk, Carole M. Snuka, on behalf of Estate of
17  James W. Snuka,
18
19                      Consolidated Plaintiffs-Appellants,
20
21  Kyros Law P.C., Konstantine W. Kyros,
22
23                      Appellants,
24
25  Michelle James, as mother and next friend of M.O., a Minor Child and T.O, a
26  Minor Child, Jimmy Snuka, "Superfly," by and through his guardian, Carole
27  Snuka, Salvador Guerrero, IV, AKA Chavo Guerrero, Jr., Chavo Guerrero, Sr.,
28  AKA Chavo Classic, Bryan Emmett Clark, Jr., AKA Adam Bomb, Dave
29  Hebner, Earl Hebner, Carlene B. Moore-Begnaud, AKA Jazz, Mark Jindrak, Jon
30  Heidenreich, Larry Oliver, AKA Crippler, Bobbi Billard, Lou Marconi, Bernard
31  Knighton, Kelli Fujiwara Sloan, on behalf of estate of Harry Masayoshi
32  Fujiwara,
33
34                      Consolidated Plaintiffs,
35
36                                                        18-3278 (L)
37                      v.                                18-3322 (Con)
38                                                        18-3325 (Con)
39                                                        18-3326 (Con)
40  World Wrestling Entertainment, Incorporated,          18-3327 (Con)
41                                                        18-3328 (Con)
42                      Consolidated Plaintiff-Defendant-Appellee,   18-3330 (Con)
43
44  Vincent K. McMahon, Individually and as the Trustee
45  of the Vincent K. McMahon Irrevocable Trust U/T/A dtd.
46  June 24, 2004, as the Trustee of the Vincent K. McMahon
```

2

1   2008, and as Special Trustee of the Vincent K. McMahon
2   2013 Irrev. Trust U/A dtd. December 5, 2013 and as Trust,
3
4                    *Consolidated Defendant-Appellees,*
5
6   Robert Windham, Thomas Billington, James Ware, Oreal
7   Perras, John Doe's, Various,
8
9                    *Consolidated-Defendants.*
10
11  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
12
13  FOR PLAINTIFF-APPELLANTS:            Konstantine W. Kyros
14  Kyros Law P.C. and Pro Se            Anthony M. Norris
15  Appellant Konstantine W. Kyros       KYROS LAW, P.C.
16                                       Hingham, MA.
17
18
19  FOR CONSOLIDATED PLAINTIFFS-         Erica C. Mirabella
20  APPELLANTS:                          MIRABELLA LAW, LLC
21  William Albert Haynes, III, Russ     Boston, MA.
22  McCullough, Ryan Sakoda, Matthew
23   Robert Weise, Evan Singleton,
24  Cassandra Frazier, Joseph M.
25  Laurinaitis, Paul Orndorff, James
26  Harris, Chris Pallies and Ken Patera, et al.
27
28
29  FOR CONSOLIDATED PLAINTIFFS-         R. Christopher Gilreath
30  APPELLANTS:                          GILREATH & ASSOCIATES
31  Cassandra Frazier, Joseph M.         One Memphis Place
32  Laurinaitis, Anthony Norris, James   Memphis, TN.
33  Harris, Chris Pallies and Ken Patera, et al.
34
35  FOR CONSOLIDATED PLAINTIFFS-         S. James Boumil
36  APPELLANTS:                          BOUMIL LAW OFFICES
37  Joseph M. Laurinaitis, Paul Orndorff, Lowell, MA.
38  Anthony Norris, James
39  Harris, Chris Pallies and Ken Patera, et al.
40
41
42  FOR CONSOLIDATED PLAINTIFFS-         Brenden P. Leydon
43  APPELLANTS:                          WOCL LEYDON, LLC
44  Joseph M. Laurinaitis, Paul Orndorff, Stamford, CT.
45  Anthony Norris, James
46  Harris, Chris Pallies and Ken Patera, et al.

1
2    FOR DEFENDANTS-APPELLEES:                    Jerry S. McDevitt
3    World Wrestling Entertainment Inc.           Curtis B. Krasik
4    Vincent K. McMahon                           K&L GATES LLP
5                                                 Pittsburgh, PA.
6
7
8                                                 Jeffrey P. Mueller
9                                                 DAY PITNEY LLP
10                                                Hartford, CT.
11
12
13          Appeal from the United States District Court for the District of Connecticut

14   (Bryant, *J.*).

15          **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

16   **AND DECREED** that the appeals of sanctions orders are **DISMISSED**, the merits

17   appeals of the dismissal of all claims in *Haynes v. World Wrestling Entertainment, Inc.,*

18   *McCullough v. World Wrestling Entertainment, Inc., Frazier v. World Wrestling*

19   *Entertainment, Inc.,* and *Singleton v. World Wrestling Entertainment, Inc.* are

20   **DISMISSED**, and the judgment of the district court on all other claims is **AFFIRMED**.[1]

21          This appeal arises from seven cases consolidated in the United States District

22   Court for the District of Connecticut.[2] The cases were brought against World Wrestling

---

[1] This summary order resolves appeals from the following five District of Connecticut cases: *Haynes v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1156 (VLB); *Singleton v. World Wrestling Entm't, Inc.*, No. 3:15-cv-425 (VLB); *Frazier v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1305 (VLB); *McCullough v. World Wrestling Entm't, Inc.*, 172 F. Supp. 3d 528 (2016), *reconsideration denied*, No. 3:15-cv-10704 (VLB), 2016 WL 3962779 (July 21, 2016); and *Laurinaitis v. World Wrestling Entm't, Inc.*, No. 3:16-cv-1209 (VLB).

[2] Two of the seven consolidated cases have not been appealed. The first was brought by World Wrestling Entertainment, Inc. ("WWE") in June 2015 in the District of Connecticut. *World Wrestling Entm't, Inc. v. Windham et al.*, No. 3:15-cv-994 (VLB). In *Windham*, WWE sought a declaratory judgment after appellant Konstantine W. Kyros threatened to pursue litigation on behalf of four previously unrepresented wrestlers. In that case, WWE was granted relief in the form of a declaration stating that the claims of those four wrestlers were time-barred. The second

4

1   Entertainment Inc. by former WWE wrestlers. The plaintiffs-appellants allege that, as a

2   result of physical trauma they experienced while performing, they suffered neurological

3   damage resulting in diseases such as chronic traumatic encephalopathy ("CTE"), in

4   addition to other significant physical and mental health impairments. In each of the cases,

5   the plaintiffs-appellants were represented by the same attorney, Konstantine W. Kyros of

6   Kyros Law P.C. We assume the parties' familiarity with the underlying pleadings and

7   their factual allegations, the procedural and substantive rulings below, and the issues on

8   appeal.

9                                                    **I.**

10          The first complaint in the consolidated cases was a putative class action filed in

11  the District of Oregon in October 2014 on behalf of William Albert Haynes III, better

12  known as Billy Jack. *Haynes v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1156 (VLB).[3]

13  Several months later, in January 2015, former wrestlers Vito LoGrasso and Evan

14  Singleton filed a putative class action in the Eastern District of Pennsylvania. *Singleton v.*

15  *World Wrestling Entm't, Inc.*, No. 3:15-cv-425 (VLB). Both wrestlers had forum

16  selection clauses in their contracts with WWE providing that litigation arising from the

17  contract be brought in the District of Connecticut, where WWE is headquartered. The

18  Pennsylvania court enforced the forum selection clauses and transferred the *Singleton*

---

case that was a part of the consolidation below but is not appealed here was originally filed by
Kyros in June 2015 in the Northern District of Texas. *James v. World Wrestling Entm't, Inc.*, No.
3:15-cv-1229 (VLB). The district court dismissed *James* in November 2016 for Plaintiffs' lack
of standing.
[3] Unless otherwise noted, when quoting from published judicial decisions, all internal quotation
marks, brackets, and citations have been omitted.

1    action to the District of Connecticut. In February 2015, the estate of Nelson Lee Frazier

2    Jr., a deceased wrestler, commenced a wrongful death action in the Western District of

3    Tennessee. *Frazier v. World Wrestling Entm't Inc.*, No. 3:15-cv-1305 (VLB). In April

4    2015, wrestlers Russ McCullough, Ryan Sakoda, and Matthew Wiese commenced

5    another putative class action, this time in the Central District of California. *McCullough*

6    *v. World Wrestling Entm't Inc.*, No. 3:15-cv-1074 (VLB).

7            Around June 2015, the district court in Connecticut presiding over the *Singleton*

8    action became aware of the pending actions in Oregon, Tennessee, and California. The

9    contracts with WWE signed by the wrestlers in each case contained forum selection

10   clauses requiring litigation in the District of Connecticut. All of the actions were

11   eventually transferred to Connecticut where they were consolidated before the district

12   court.

13           In March 2016, the district court dismissed all claims in the *Haynes*, *Singleton*,

14   and *McCullough* actions for failure to state a claim, with the exception of fraudulent

15   omission claims on behalf of Singleton and LoGrasso. *McCullough v. World Wrestling*

16   *Entm't, Inc.*, 172 F. Supp. 3d 528 (D. Conn.).

17           In November 2016, the district court granted WWE's motion to dismiss the

18   wrongful death claim asserted in *Frazier*. Frazier, who died in 2014, had been cremated

19   without having any of his brain tissue examined. Frazier's counsel had argued to the

20   district court that CTE can be diagnosed only through a post-mortem examination of

21   brain tissue. Because no examination had been done on Frazier, the court concluded that

22   his estate could not plausibly allege that he had CTE. The court also concluded that

6

1     Frazier's estate failed to plead any non-conclusory allegations linking Frazier's death to

2     injuries sustained while wrestling. Frazier had died of a heart attack, and the operative

3     pleading contained no allegations that heart failure could result from CTE.

4            In a decision filed on March 28, 2018, the district court granted summary

5     judgment on the remaining fraudulent omission claims in *Singleton*. The district court

6     concluded that the plaintiffs had not produced evidence establishing that WWE knew of a

7     risk of permanent degenerative neurological conditions prior to September 2007, when a

8     widely publicized report on CTE (the "Benoit report") discussed those conditions. The

9     court concluded that no reasonable jury could find that WWE concealed the dangers

10     allegedly associated with wrestling.

11                              **II.**

12            After the district court dismissed all claims in the *Haynes* and *McCullough* actions

13     and dismissed all but the fraud-by-omission claim for each plaintiff in the *Singleton*

14     action, the *Haynes* and *McCullough* plaintiffs filed notices of appeal in this Court. WWE

15     moved to dismiss those appeals on the grounds that the appeals were not taken from a

16     final judgment that disposed of all the consolidated cases. *See Hageman v. City Investing*

17     *Co.*, 851 F.2d 69 (2d Cir. 1988). A panel of this Court, applying the then-current law of

18     this Circuit, agreed that the final judgments in *Haynes* and *McCullough* could not be

19     appealed until final judgments had been entered in all the consolidated cases.

20     Accordingly, the panel dismissed the *Haynes* and *McCullough* appeals without prejudice.

21     *See McCullough v. World Wrestling Entm't, Inc.*, 838 F.3d 210, 214 (2d Cir. 2016).

1        More than a year later, on March 27, 2018, the Supreme Court held that in

2    consolidated cases such as these, a final judgment in one of the cases is immediately

3    appealable even where final judgments have not been entered in each of the consolidated

4    cases. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("[Federal Rule of Civil Procedure]

5    42(a) did not purport to alter the settled understanding of the consequences of

6    consolidation. That understanding makes clear that when one of several consolidated

7    cases is finally decided, a disappointed litigant is free to seek review of that decision in

8    the court of appeals.").

9        Following the decision in *Hall*, neither the appellants in *Haynes* and *McCullough,*

10   nor any plaintiff in *Singleton* or *Frazier* sought relief from this Court or in the district

11   court. This inaction was fatal. Arguments as to *Hall*'s applicability or as to any "work-

12   arounds" have been waived. *Hall* controls and renders the notices of appeal in *Haynes*,

13   *Singleton*, *Frazier*, and *McCullough* untimely. Untimely notices of appeal are

14   jurisdictional bars to this Court's review. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007)

15   ("This Court has long held that the taking of an appeal within the prescribed time is

16   'mandatory and jurisdictional.'"). Accordingly, we lack appellate jurisdiction over the

17   appeals in *Haynes*, *McCullough*, *Frazier*, and *Singleton* and, for that reason, those

18   appeals are dismissed.

19                       **III.**

20        In July 2016, *Laurinaitis v. World Wrestling Entm't, Inc.*, No. 3:16-cv-1209

21   (VLB), a suit brought by fifty former WWE wrestlers, was commenced in the District of

22   Connecticut. The complaint included a number of tort claims and, in addition, sought

1 relief under various statutes on the ground that, in its contracts with the wrestlers, WWE

2 had misclassified them as independent contractors. WWE moved to dismiss the action

3 and the district court granted the motion, holding that the claims were either time-barred,

4 barred by prior rulings, or frivolous.

5       Connecticut law requires tort claims to be brought "within three years from the

6 date of the act or omission complained of." Conn. Gen. Stat. § 52-577. The three-year

7 period "begins with the date of the act or omission complained of, not the date when the

8 plaintiff first discovers an injury." *Collum v. Chapin*, 40 Conn. App. 449, 451–52 (1996)

9 (citing *Fichera v. Mine Hill Corp.*, 207 Conn. 204, 212–13 (1988)). The complaint in

10 *Laurinaitis* alleges that WWE concealed the risk that concussive blows to the head could

11 cause permanent degenerative neurological conditions with the aim of inducing the

12 wrestlers to continue performing. The district court dismissed the complaint, reasoning

13 that any concealment of information alleged to have occurred must have occurred at a

14 time when the wrestlers were still performing, and because it was not disputed that none

15 had wrestled later than 2011, their tort claims were time-barred. We find no error in the

16 district court's conclusion.

17       Under Connecticut law, wrongful death claims must be brought "within two years

18 from the date of death" except that "no such action may be brought more than five years

19 from the date of the act or omission complained of." Conn. Gen. Stat. § 52-555(a).

20 Section 52-555 may "serve as a bar to a wrongful death claim" even if "an injured victim

21 could not have known that he or she had a claim against the alleged tortfeasor until after

22 the limitation period had expired." *Greco v. United Techs. Corp.*, 277 Conn. 337, 353

9

1    (2006). The district court correctly determined that none of the plaintiffs in the

2    *Laurinaitis* action had wrestled for WWE within five years of the filing of that complaint

3    and thus the wrongful death claims were also time-barred. Again, we find no error.

4          The remaining claims are also time-barred. The misclassification claims allege

5    that the wrestlers' classification as independent contractors was a part of a scheme to

6    defraud. Even assuming the longer six-year statute of limitations for contract claims

7    applies, *compare* Conn. Gen. Stat. § 52-577 *with* Conn. Gen. Stat. § 52-576, none of the

8    wrestlers plausibly alleged that they were first misclassified within six years of the filing

9    of the *Laurinaitis* complaint. Finally, we affirm the dismissal of plaintiff's Occupational

10   Safety and Health Act ("OSHA"), Employee Retirement Income Security Act

11   ("ERISA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), Family and

12   Medical Leave Act ("FMLA"), and unconscionable contracts claims for the reasons

13   stated by the district court.

14         Connecticut statutes of repose may, under appropriate circumstances, be tolled

15   under what its courts term the 'continuing course of conduct' doctrine. *Watts v.*

16   *Chittenden*, 301 Conn. 575, 583–84 (2011) (recognizing that a period of repose may be

17   tolled in the proper circumstances, reflecting the "policy that, during an ongoing

18   relationship, lawsuits are premature because specific tortious acts or omissions may be

19   difficult to identify and may yet be remedied"). Appellants contend that it applies in this

20   case. Pursuant to that doctrine, a plaintiff must show that a defendant: "(1) committed an

21   initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was

22   related to the alleged original wrong; and (3) continually breached that duty." *Witt v. St.*

10

1   *Vincent's Med. Ctr.*, 252 Conn. 363, 370 (2000). Where Connecticut courts have found a

2   duty "continued to exist after the cessation of the act or omission relied upon, there has

3   been evidence of either a special relationship between the parties giving rise to such a

4   continuing duty or some later wrongful conduct of a defendant related to the prior act."

5   *Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 435 (2013). The existence of

6   a special relationship "will depend on the circumstances that exist between the parties

7   and the nature of the claim at issue." *Saint Bernard Sch. of Montville, Inc. v. Bank of Am.*,

8   312 Conn. 811, 835 (2014).

9          The district court concluded that the *Laurinaitis* plaintiffs failed plausibly to allege

10  a special or continuing relationship between themselves and WWE, in part because "a

11  mere contractual relationship does not create a fiduciary or confidential relationship," *Id.*

12  at 836. There were no plausible allegations in the complaint that could lead the court

13  reasonably to conclude that WWE had a continuing duty to provide comprehensive health

14  care to the wrestlers after they stopped performing. Likewise, the district court was

15  unpersuaded by the allegation that continuing royalty payments somehow gave rise to a

16  duty on the part of WWE with respect to the alleged misclassification as independent

17  contractors. We agree with the district court and we similarly conclude that the

18  continuing-course-of-conduct doctrine did not cause the otherwise applicable statutes of

19  limitation or repose to be tolled.

20         The district court was also correct that the statutes of limitation and repose should

21  not be tolled under the fraudulent concealment doctrine. For the doctrine to apply, the

22  wrestlers were required plausibly to allege that WWE "(1) had actual awareness, rather

11

1   than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action;

2   (2) intentionally concealed these facts from the plaintiffs; and (3) concealed the facts for

3   the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause

4   of action." *Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105

5   (2007). Proof of fraudulent concealment requires "clear, precise, and unequivocal

6   evidence." *Id.*

7          We agree with the district court that the complaint in *Laurinaitis* contained no

8   plausible allegations that WWE fraudulently concealed any causes of action from its

9   wrestlers. We therefore affirm the district court's grant of WWE's motion to dismiss the

10  *Laurinaitis* action.

11                                              **IV.**

12         During the course of the actions discussed above, WWE moved under Rules 11

13  and 37 for sanctions against plaintiffs-appellants' counsel in the *Singleton* and *Laurinaitis*

14  actions. The district court referred the motions to Magistrate Judge Robert A. Richardson

15  who, in a Report and Recommendation dated February 22, 2018, recommended that

16  monetary sanctions be awarded. The district court adopted the Recommendation. The

17  district court wrote that "this case has been characterized by [counsel's] repeated failures

18  to comply with the clear and unambiguous provisions of the Federal Rules of Civil

19  Procedures and this Court's repeated instructions and admonitions, which has resulted in

20  a considerable waste of the Court's and the Defendants' time and resources."

21         While sanctions have been awarded, the amount of sanctions has not been

22  determined; consequently, this Court lacks appellate jurisdiction over the sanctions

1    appeal. *See Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (per

2    curiam); *see also Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133 (2d Cir. 1993) ("[A]

3    sanction order that leaves the amount of the sanction for later determination is not final

4    and, therefore, not appealable under [28 U.S.C.] § 1291."). We therefore dismiss

5    appellant Kyros's appeal of the Rule 37 and Rule 11 sanctions orders. We have

6    considered the plaintiffs-appellants' remaining arguments and conclude that they are

7    either waived or without merit.

8         In sum, the appeals in *Haynes v. World Wrestling Entertainment, Inc.*, No. 3:15-

9    cv-1156 (VLB), *Singleton v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-425

10    (VLB), *Frazier v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-1305 (VLB), and

11    *McCullough v. World Wrestling Entertainment, Inc.*, 172 F. Supp. 3d 528 (D. Conn.

12    2016) (VLB), are dismissed because the notices of appeal were untimely and we

13    therefore lack appellate jurisdiction.

14         We also lack appellate jurisdiction over the appeal of sanctions orders in *Singleton*

15    and *Laurinaitis v. World Wrestling Entertainment, Inc.*, No. 3:16-cv-1209 (VLB) because

16    the amount of the sanctions has not been set and thus the order is not yet final. Finally,

17    we affirm the district court's dismissal of all claims in *Laurinaitis*. Those claims are time-

18    barred, and the plaintiffs-appellants have failed to plausibly allege that the applicable

19    limitations period should be tolled.

20                              **CONCLUSION**

21         Accordingly, the appeals of the merits orders in *Haynes*, *McCullough*, *Frazier*,

22    and *Singleton* are **DISMISSED** for lack of appellate jurisdiction. The appeal of sanctions

13

1    ordered in *Laurinaitis* and *Singleton* is **DISMISSED** for lack of appellate jurisdiction.

2    The judgment of the district court in all other respects is **AFFIRMED**.[4]

3

4                                        FOR THE COURT:

5                                        Catherine O'Hagan Wolfe, Clerk

---

[4] WWE's motions to amend the captions are DENIED. *See* Fed. R. App. P. 12(a) ("Upon
receiving the copy of the notice of appeal . . . the circuit clerk must docket the appeal under the
title of the district-court action.").

14

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

Date: September 09, 2020
Docket #: 18-3326cv
Short Title: Russ McCullough v. World Wrestling
Entertainment

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 15-cv-1074
DC Court: CT (NEW HAVEN)
DC Docket #: 15-cv-425
DC Court: CT (NEW HAVEN)
DC Docket #: 16-cv-1209
DC Court: CT (NEW HAVEN)
DC Judge: Bryant

## BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
*   be filed within 14 days after the entry of judgment;
*   be verified;
*   be served on all adversaries;
*   not include charges for postage, delivery, service, overtime and the filers edits;
*   identify the number of copies which comprise the printer's unit;
*   include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
*   state only the number of necessary copies inserted in enclosed form;
*   state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
*   be filed via CM/ECF or if counsel is exempted with the original and two copies.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
**CHIEF JUDGE**
Date: September 09, 2020
Docket #: 18-3326cv
Short Title: Russ McCullough v. World Wrestling
Entertainment

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**
DC Docket #: 15-cv-1074
DC Court: CT (NEW HAVEN)
DC Docket #: 15-cv-425
DC Court: CT (NEW HAVEN)
DC Docket #: 16-cv-1209
DC Court: CT (NEW HAVEN)
DC Judge: Bryant

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for
_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to
prepare an itemized statement of costs taxed against the
_____

and in favor of
_____

for insertion in the mandate.

Docketing Fee          _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ _____) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature