18-3278-cv(L)
*Haynes, et al. v. World Wrestling Entertainment, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1          At a stated term of the United States Court of Appeals for the Second Circuit, held
2  at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York,
3  on the 9th day of September, two thousand twenty.
4
5    PRESENT:    BARRINGTON D. PARKER,
6                  MICHAEL H. PARK,
7                  WILLIAM J. NARDINI,
8                       *Circuit Judges.*
9
10  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11
12  *Haynes, et al. v. World Wrestling Entertainment, Inc.*
13
14  -------------------------------------
15
16  William Albert Haynes, III, Rodney Begnaud, AKA Rodney Mack, Russ
17  McCullough, individually and on behalf of all others similarly situated, AKA
18  Big Russ McCullough, Ryan Sakoda, individually and on behalf of all others
19  similarly situated, Matthew Robert Wiese, individually and on behalf of all
20  others similarly situated, AKA Luther Reigns, Evan Singleton, Vito Lograsso,
21  Cassandra Frazier, Individually and as next of kin to her deceased husband,
22  Nelson Lee Frazier, Jr. a/k/a Mabel a/k/a Viscera a/k/a Big Daddy V a/k/a King
23  Mabel and as personal representative of The Estate of Nelson Lee Frazier, Jr.,
24  Deceased, Shirley Fellows, on behalf of Estate of Timothy Alan Smith a/k/a Rex
25  King, Joseph M. Laurinaitis, AKA Road Warrior Animal, Paul Orndorff, AKA
26  Mr. Wonderful, Anthony Norris, AKA Ahmed Johnson, James Harris, AKA
27  Kamala, Chris Pallies, AKA King Kong Bundy, Ken Patera, Barbara Marie
28  Leydig, Terry Brunk, AKA Sabu, Barry Darsow, AKA Smash, Bill Eadie, AKA
29  Ax, John Nord, Jonathan Hugger, AKA Johnny the Bull, James Brunzell, Susan
30  Green, Angelo Mosca, AKA King Kong Mosca, James Manley, AKA Jim

1

Powers, Michael Enos, AKA Mike, AKA Blake Beverly, Bruce Reed, AKA
Butch, Sylain Grenier, Omar Mijares, AKA Omar Atlas, Don Leo Heaton, AKA
Don Leo Jonathan, Troy Martin, AKA Shane Douglas, Marc Copani, AKA
Muhammad Hassan, Mark Canterbury, AKA Henry Godwin, Victoria Otis,
AKA Princess Victoria, Judy Hardee, Judy Martin, Bernard Knighton, as
Personal Representative of Estate of Brian Knighton, a.k.a. Axl Rotten, Marty
Jannetty, Terry Szopinski, AKA Warlord, Sione Havia Vailahi, AKA Barbarian,
Timothy Smith, AKA Rex King, Tracy Smothers, AKA Freddie Joe Floyd,
Michael R. Halac, AKA Mantaur, Rick Jones, AKA Black Bart, Ken Johnson,
AKA Slick, George Gray, AKA One Man Gang, Ferrin Jesse Barr, AKA J.J.
Funk, Rod Price, Donald Driggers, Ronald Scott Heard, on behalf of estate of
Ronald Heard also known as Outlaw Ron Bass, Boris Zhukov, David Silva,
John Jeter, AKA Johnny Jeter, Gayle Schecter, as Personal Representative of
Estate Jon Rechner a.k.a. Balls Mahoney, Ashley Massaro, AKA Ashley,
Charles Wicks, AKA Chad Wicks, Perry Satullo, AKA Perry Saturn, Charles
Bernard Scaggs, AKA Flash Funk, Carole M. Snuka, on behalf of Estate of
James W. Snuka,

*Consolidated Plaintiffs-Appellants,*

Kyros Law P.C., Konstantine W. Kyros,

*Appellants,*

Michelle James, as mother and next friend of M.O., a Minor Child and T.O, a
Minor Child, Jimmy Snuka, "Superfly," by and through his guardian, Carole
Snuka, Salvador Guerrero, IV, AKA Chavo Guerrero, Jr., Chavo Guerrero, Sr.,
AKA Chavo Classic, Bryan Emmett Clark, Jr., AKA Adam Bomb, Dave
Hebner, Earl Hebner, Carlene B. Moore-Begnaud, AKA Jazz, Mark Jindrak, Jon
Heidenreich, Larry Oliver, AKA Crippler, Bobbi Billard, Lou Marconi, Bernard
Knighton, Kelli Fujiwara Sloan, on behalf of estate of Harry Masayoshi
Fujiwara,

*Consolidated Plaintiffs,*

|  |  |
|---|---|
| v. | 18-3278 (L) |
|  | 18-3322 (Con) |
|  | 18-3325 (Con) |
|  | 18-3326 (Con) |
| World Wrestling Entertainment, Incorporated, | 18-3327 (Con) |
|  | 18-3328 (Con) |
| *Consolidated Plaintiff-Defendant-Appellee,* | 18-3330 (Con) |

Vincent K. McMahon, Individually and as the Trustee
of the Vincent K. McMahon Irrevocable Trust U/T/A dtd.
June 24, 2004, as the Trustee of the Vincent K. McMahon

2

2008, and as Special Trustee of the Vincent K. McMahon
2013 Irrev. Trust U/A dtd. December 5, 2013 and as Trust,

     *Consolidated Defendant-Appellees,*

Robert Windham, Thomas Billington, James Ware, Oreal
Perras, John Doe's, Various,

     *Consolidated-Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANTS:<br>Kyros Law P.C. and Pro Se<br>Appellant Konstantine W. Kyros | Konstantine W. Kyros<br>Anthony M. Norris<br>KYROS LAW, P.C.<br>Hingham, MA. |
| FOR CONSOLIDATED PLAINTIFFS-<br>APPELLANTS:<br>William Albert Haynes, III, Russ<br>McCullough, Ryan Sakoda, Matthew<br>Robert Weise, Evan Singleton,<br>Cassandra Frazier, Joseph M.<br>Laurinaitis, Paul Orndorff, James<br>Harris, Chris Pallies and Ken Patera, et al. | Erica C. Mirabella<br>MIRABELLA LAW, LLC<br>Boston, MA. |
| FOR CONSOLIDATED PLAINTIFFS-<br>APPELLANTS:<br>Cassandra Frazier, Joseph M.<br>Laurinaitis, Anthony Norris, James<br>Harris, Chris Pallies and Ken Patera, et al. | R. Christopher Gilreath<br>GILREATH & ASSOCIATES<br>One Memphis Place<br>Memphis, TN. |
| FOR CONSOLIDATED PLAINTIFFS-<br>APPELLANTS:<br>Joseph M. Laurinaitis, Paul Orndorff,<br>Anthony Norris, James<br>Harris, Chris Pallies and Ken Patera, et al. | S. James Boumil<br>BOUMIL LAW OFFICES<br>Lowell, MA. |
| FOR CONSOLIDATED PLAINTIFFS-<br>APPELLANTS:<br>Joseph M. Laurinaitis, Paul Orndorff,<br>Anthony Norris, James<br>Harris, Chris Pallies and Ken Patera, et al. | Brenden P. Leydon<br>WOCL LEYDON, LLC<br>Stamford, CT. |

| | |
|---|---|
| FOR DEFENDANTS-APPELLEES:<br>World Wrestling Entertainment Inc.<br>Vincent K. McMahon | Jerry S. McDevitt<br>Curtis B. Krasik<br>K&L GATES LLP<br>Pittsburgh, PA.<br><br>Jeffrey P. Mueller<br>DAY PITNEY LLP<br>Hartford, CT. |

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals of sanctions orders are **DISMISSED**, the merits appeals of the dismissal of all claims in *Haynes v. World Wrestling Entertainment, Inc., McCullough v. World Wrestling Entertainment, Inc., Frazier v. World Wrestling Entertainment, Inc.,* and *Singleton v. World Wrestling Entertainment, Inc.* are **DISMISSED**, and the judgment of the district court on all other claims is **AFFIRMED**.[1]

This appeal arises from seven cases consolidated in the United States District Court for the District of Connecticut.[2] The cases were brought against World Wrestling

---

[1] This summary order resolves appeals from the following five District of Connecticut cases: *Haynes v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1156 (VLB); *Singleton v. World Wrestling Entm't, Inc.*, No. 3:15-cv-425 (VLB); *Frazier v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1305 (VLB); *McCullough v. World Wrestling Entm't, Inc.*, 172 F. Supp. 3d 528 (2016), *reconsideration denied*, No. 3:15-cv-10704 (VLB), 2016 WL 3962779 (July 21, 2016); and *Laurinaitis v. World Wrestling Entm't, Inc.*, No. 3:16-cv-1209 (VLB).

[2] Two of the seven consolidated cases have not been appealed. The first was brought by World Wrestling Entertainment, Inc. ("WWE") in June 2015 in the District of Connecticut. *World Wrestling Entm't, Inc. v. Windham et al.*, No. 3:15-cv-994 (VLB). In *Windham*, WWE sought a declaratory judgment after appellant Konstantine W. Kyros threatened to pursue litigation on behalf of four previously unrepresented wrestlers. In that case, WWE was granted relief in the form of a declaration stating that the claims of those four wrestlers were time-barred. The second

Entertainment Inc. by former WWE wrestlers. The plaintiffs-appellants allege that, as a result of physical trauma they experienced while performing, they suffered neurological damage resulting in diseases such as chronic traumatic encephalopathy ("CTE"), in addition to other significant physical and mental health impairments. In each of the cases, the plaintiffs-appellants were represented by the same attorney, Konstantine W. Kyros of Kyros Law P.C. We assume the parties' familiarity with the underlying pleadings and their factual allegations, the procedural and substantive rulings below, and the issues on appeal.

## I.

The first complaint in the consolidated cases was a putative class action filed in the District of Oregon in October 2014 on behalf of William Albert Haynes III, better known as Billy Jack. *Haynes v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1156 (VLB).[3] Several months later, in January 2015, former wrestlers Vito LoGrasso and Evan Singleton filed a putative class action in the Eastern District of Pennsylvania. *Singleton v. World Wrestling Entm't, Inc.*, No. 3:15-cv-425 (VLB). Both wrestlers had forum selection clauses in their contracts with WWE providing that litigation arising from the contract be brought in the District of Connecticut, where WWE is headquartered. The Pennsylvania court enforced the forum selection clauses and transferred the *Singleton*

---

case that was a part of the consolidation below but is not appealed here was originally filed by Kyros in June 2015 in the Northern District of Texas. *James v. World Wrestling Entm't, Inc.*, No. 3:15-cv-1229 (VLB). The district court dismissed *James* in November 2016 for Plaintiffs' lack of standing.

[3] Unless otherwise noted, when quoting from published judicial decisions, all internal quotation marks, brackets, and citations have been omitted.

5

1    action to the District of Connecticut. In February 2015, the estate of Nelson Lee Frazier

2    Jr., a deceased wrestler, commenced a wrongful death action in the Western District of

3    Tennessee. *Frazier v. World Wrestling Entm't Inc.*, No. 3:15-cv-1305 (VLB). In April

4    2015, wrestlers Russ McCullough, Ryan Sakoda, and Matthew Wiese commenced

5    another putative class action, this time in the Central District of California. *McCullough*

6    *v. World Wrestling Entm't Inc.*, No. 3:15-cv-1074 (VLB).

7    Around June 2015, the district court in Connecticut presiding over the *Singleton*

8    action became aware of the pending actions in Oregon, Tennessee, and California. The

9    contracts with WWE signed by the wrestlers in each case contained forum selection

10   clauses requiring litigation in the District of Connecticut. All of the actions were

11   eventually transferred to Connecticut where they were consolidated before the district

12   court.

13   In March 2016, the district court dismissed all claims in the *Haynes*, *Singleton*,

14   and *McCullough* actions for failure to state a claim, with the exception of fraudulent

15   omission claims on behalf of Singleton and LoGrasso. *McCullough v. World Wrestling*

16   *Entm't, Inc.*, 172 F. Supp. 3d 528 (D. Conn.).

17   In November 2016, the district court granted WWE's motion to dismiss the

18   wrongful death claim asserted in *Frazier*. Frazier, who died in 2014, had been cremated

19   without having any of his brain tissue examined. Frazier's counsel had argued to the

20   district court that CTE can be diagnosed only through a post-mortem examination of

21   brain tissue. Because no examination had been done on Frazier, the court concluded that

22   his estate could not plausibly allege that he had CTE. The court also concluded that

Frazier's estate failed to plead any non-conclusory allegations linking Frazier's death to injuries sustained while wrestling. Frazier had died of a heart attack, and the operative pleading contained no allegations that heart failure could result from CTE.

In a decision filed on March 28, 2018, the district court granted summary judgment on the remaining fraudulent omission claims in *Singleton*. The district court concluded that the plaintiffs had not produced evidence establishing that WWE knew of a risk of permanent degenerative neurological conditions prior to September 2007, when a widely publicized report on CTE (the "Benoit report") discussed those conditions. The court concluded that no reasonable jury could find that WWE concealed the dangers allegedly associated with wrestling.

**II.**

After the district court dismissed all claims in the *Haynes* and *McCullough* actions and dismissed all but the fraud-by-omission claim for each plaintiff in the *Singleton* action, the *Haynes* and *McCullough* plaintiffs filed notices of appeal in this Court. WWE moved to dismiss those appeals on the grounds that the appeals were not taken from a final judgment that disposed of all the consolidated cases. *See Hageman v. City Investing Co.*, 851 F.2d 69 (2d Cir. 1988). A panel of this Court, applying the then-current law of this Circuit, agreed that the final judgments in *Haynes* and *McCullough* could not be appealed until final judgments had been entered in all the consolidated cases. Accordingly, the panel dismissed the *Haynes* and *McCullough* appeals without prejudice. *See McCullough v. World Wrestling Entm't, Inc.*, 838 F.3d 210, 214 (2d Cir. 2016).

More than a year later, on March 27, 2018, the Supreme Court held that in consolidated cases such as these, a final judgment in one of the cases is immediately appealable even where final judgments have not been entered in each of the consolidated cases. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("[Federal Rule of Civil Procedure] 42(a) did not purport to alter the settled understanding of the consequences of consolidation. That understanding makes clear that when one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision in the court of appeals.").

Following the decision in *Hall*, neither the appellants in *Haynes* and *McCullough,* nor any plaintiff in *Singleton* or *Frazier* sought relief from this Court or in the district court. This inaction was fatal. Arguments as to *Hall*'s applicability or as to any "work-arounds" have been waived. *Hall* controls and renders the notices of appeal in *Haynes*, *Singleton*, *Frazier*, and *McCullough* untimely. Untimely notices of appeal are jurisdictional bars to this Court's review. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'"). Accordingly, we lack appellate jurisdiction over the appeals in *Haynes*, *McCullough*, *Frazier*, and *Singleton* and, for that reason, those appeals are dismissed.

**III.**

In July 2016, *Laurinaitis v. World Wrestling Entm't, Inc.*, No. 3:16-cv-1209 (VLB), a suit brought by fifty former WWE wrestlers, was commenced in the District of Connecticut. The complaint included a number of tort claims and, in addition, sought

relief under various statutes on the ground that, in its contracts with the wrestlers, WWE had misclassified them as independent contractors. WWE moved to dismiss the action and the district court granted the motion, holding that the claims were either time-barred, barred by prior rulings, or frivolous.

Connecticut law requires tort claims to be brought "within three years from the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. The three-year period "begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." *Collum v. Chapin*, 40 Conn. App. 449, 451–52 (1996) (citing *Fichera v. Mine Hill Corp.*, 207 Conn. 204, 212–13 (1988)). The complaint in *Laurinaitis* alleges that WWE concealed the risk that concussive blows to the head could cause permanent degenerative neurological conditions with the aim of inducing the wrestlers to continue performing. The district court dismissed the complaint, reasoning that any concealment of information alleged to have occurred must have occurred at a time when the wrestlers were still performing, and because it was not disputed that none had wrestled later than 2011, their tort claims were time-barred. We find no error in the district court's conclusion.

Under Connecticut law, wrongful death claims must be brought "within two years from the date of death" except that "no such action may be brought more than five years from the date of the act or omission complained of." Conn. Gen. Stat. § 52-555(a). Section 52-555 may "serve as a bar to a wrongful death claim" even if "an injured victim could not have known that he or she had a claim against the alleged tortfeasor until after the limitation period had expired." *Greco v. United Techs. Corp.*, 277 Conn. 337, 353

9

(2006). The district court correctly determined that none of the plaintiffs in the *Laurinaitis* action had wrestled for WWE within five years of the filing of that complaint and thus the wrongful death claims were also time-barred. Again, we find no error.

The remaining claims are also time-barred. The misclassification claims allege that the wrestlers' classification as independent contractors was a part of a scheme to defraud. Even assuming the longer six-year statute of limitations for contract claims applies, *compare* Conn. Gen. Stat. § 52-577 *with* Conn. Gen. Stat. § 52-576, none of the wrestlers plausibly alleged that they were first misclassified within six years of the filing of the *Laurinaitis* complaint. Finally, we affirm the dismissal of plaintiff's Occupational Safety and Health Act ("OSHA"), Employee Retirement Income Security Act ("ERISA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), Family and Medical Leave Act ("FMLA"), and unconscionable contracts claims for the reasons stated by the district court.

Connecticut statutes of repose may, under appropriate circumstances, be tolled under what its courts term the 'continuing course of conduct' doctrine. *Watts v. Chittenden*, 301 Conn. 575, 583–84 (2011) (recognizing that a period of repose may be tolled in the proper circumstances, reflecting the "policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied"). Appellants contend that it applies in this case. Pursuant to that doctrine, a plaintiff must show that a defendant: "(1) committed an initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was related to the alleged original wrong; and (3) continually breached that duty." *Witt v. St.*

10

*Vincent's Med. Ctr.*, 252 Conn. 363, 370 (2000). Where Connecticut courts have found a duty "continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." *Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 435 (2013). The existence of a special relationship "will depend on the circumstances that exist between the parties and the nature of the claim at issue." *Saint Bernard Sch. of Montville, Inc. v. Bank of Am.*, 312 Conn. 811, 835 (2014).

The district court concluded that the *Laurinaitis* plaintiffs failed plausibly to allege a special or continuing relationship between themselves and WWE, in part because "a mere contractual relationship does not create a fiduciary or confidential relationship," *Id.* at 836. There were no plausible allegations in the complaint that could lead the court reasonably to conclude that WWE had a continuing duty to provide comprehensive health care to the wrestlers after they stopped performing. Likewise, the district court was unpersuaded by the allegation that continuing royalty payments somehow gave rise to a duty on the part of WWE with respect to the alleged misclassification as independent contractors. We agree with the district court and we similarly conclude that the continuing-course-of-conduct doctrine did not cause the otherwise applicable statutes of limitation or repose to be tolled.

The district court was also correct that the statutes of limitation and repose should not be tolled under the fraudulent concealment doctrine. For the doctrine to apply, the wrestlers were required plausibly to allege that WWE "(1) had actual awareness, rather

than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) intentionally concealed these facts from the plaintiffs; and (3) concealed the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." *Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105 (2007). Proof of fraudulent concealment requires "clear, precise, and unequivocal evidence." *Id.*

We agree with the district court that the complaint in *Laurinaitis* contained no plausible allegations that WWE fraudulently concealed any causes of action from its wrestlers. We therefore affirm the district court's grant of WWE's motion to dismiss the *Laurinaitis* action.

**IV.**

During the course of the actions discussed above, WWE moved under Rules 11 and 37 for sanctions against plaintiffs-appellants' counsel in the *Singleton* and *Laurinaitis* actions. The district court referred the motions to Magistrate Judge Robert A. Richardson who, in a Report and Recommendation dated February 22, 2018, recommended that monetary sanctions be awarded. The district court adopted the Recommendation. The district court wrote that "this case has been characterized by [counsel's] repeated failures to comply with the clear and unambiguous provisions of the Federal Rules of Civil Procedures and this Court's repeated instructions and admonitions, which has resulted in a considerable waste of the Court's and the Defendants' time and resources."

While sanctions have been awarded, the amount of sanctions has not been determined; consequently, this Court lacks appellate jurisdiction over the sanctions

appeal. *See Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (per curiam); *see also Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133 (2d Cir. 1993) ("[A] sanction order that leaves the amount of the sanction for later determination is not final and, therefore, not appealable under [28 U.S.C.] § 1291."). We therefore dismiss appellant Kyros's appeal of the Rule 37 and Rule 11 sanctions orders. We have considered the plaintiffs-appellants' remaining arguments and conclude that they are either waived or without merit.

In sum, the appeals in *Haynes v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-1156 (VLB), *Singleton v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-425 (VLB), *Frazier v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-1305 (VLB), and *McCullough v. World Wrestling Entertainment, Inc.*, 172 F. Supp. 3d 528 (D. Conn. 2016) (VLB), are dismissed because the notices of appeal were untimely and we therefore lack appellate jurisdiction.

We also lack appellate jurisdiction over the appeal of sanctions orders in *Singleton* and *Laurinaitis v. World Wrestling Entertainment, Inc.*, No. 3:16-cv-1209 (VLB) because the amount of the sanctions has not been set and thus the order is not yet final. Finally, we affirm the district court's dismissal of all claims in *Laurinaitis*. Those claims are time-barred, and the plaintiffs-appellants have failed to plausibly allege that the applicable limitations period should be tolled.

## CONCLUSION

Accordingly, the appeals of the merits orders in *Haynes*, *McCullough*, *Frazier*, and *Singleton* are **DISMISSED** for lack of appellate jurisdiction. The appeal of sanctions

1     ordered in *Laurinaitis* and *Singleton* is **DISMISSED** for lack of appellate jurisdiction.

2     The judgment of the district court in all other respects is **AFFIRMED**.[4]

3

4                                     FOR THE COURT:

5                                       Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[4] WWE's motions to amend the captions are DENIED. *See* Fed. R. App. P. 12(a) ("Upon receiving the copy of the notice of appeal . . . the circuit clerk must docket the appeal under the title of the district-court action.").